IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Angela Delorme-Gaines, | ) ) ) |
| Plaintiff, | ) **ORDER GRANTING** ) **MOTION TO DISMISS** ) |
| vs. | ) ) |
| Tara Sweeney, Assistant Secretary of Interior, Department of the Interior, et al., | ) ) ) |
| Defendants. | ) Case No.: 1:20-cv-81 ) |

Before the Court is a Motion to Dismiss Petition for Writ of Mandamus filed by Defendants (hereafter, "United States"). See Doc. No. 14. For the reasons given below, this motion is granted.

I.     BACKGROUND

    A.     **Procedural History**

Plaintiff Angela Delorme-Gaines initiated this action pro se by filing a Motion for Leave to Proceed in Forma Pauperis. See Doc. No. 1. This motion was granted on August 10, 2020, and Plaintiff's Complaint was filed that same day. See Doc. No. 7.

The United States filed this motion on October 28, 2020 accompanied by a supporting memorandum. See Doc. Nos. 14, 15. Plaintiff, by this point represented by counsel, received an extension of time to respond; she filed her response together with a supporting brief on December 2, 2020. See Doc. Nos. 22 and 24. The United States replied on December 8, 2020. See Doc. No. 25.

The motion is fully briefed and ready for the Court's review.

1

**B.     Factual Background**

The below facts are drawn from the filings in the case submitted with Plaintiff's Complaint and the United States's Motion to Dismiss.[1] They are largely undisputed; exceptions are noted below.

In 2016, Plaintiff filed two complaints against Thomas Fox, both apparently based on the same Financial Services Agreement signed by Plaintiff and Fox on June 15, 2015. See Doc. No. 16-1, p. 1-2. One complaint was filed in Fort Berthold District Court on March 11, 2016, and one complaint was filed in Turtle Mountain Tribal Court on September 29, 2016. See id.

Ultimately, the Fort Berthold District Court issued an Order to Dismiss Plaintiff's complaint with prejudice on May 31, 2017. See id. at 2. However, the Turtle Mountain Tribal Court took a different tack the following year, entering an Order and Judgment on August 21, 2018 which awarded Plaintiff $707,359.15 against Thomas Fox, with interest. See Doc. No. 7-1, p. 7.

Via letter and email dated April 8, 2019, Plaintiff sent Kayla Danks, Superintendent for the Fort Berthold Agency for the Bureau of Indian Affairs, a copy of the Turtle Mountain Tribal Court judgment and requested that Ms. Danks place a lien on Thomas Fox's Individual Indian Money (IIM) account in the amount of the judgment. See Doc. No. 7-3, 7-4.

Plaintiff made several attempts to receive an update on the status of this lien over the next few months, including contact with her Congressman, Representative Doug Lamborn. See Doc. No. 7-5, 7-6.

---

[1] As explained below, in adjudicating a factual attack on subject-matter jurisdiction, the Court is not limited to the face of the pleadings.

On November 20, 2019, the BIA notified or attempted to notify Mr. Fox of the proposal to restrict his IIM account, although it is uncertain whether this letter was delivered. See Doc. No. 16-1, p. 2.

In response to a letter from Congressman Doug Lamborn, the Regional Director of the BIA, Mr. Timothy LaPointe, wrote in a letter dated February 25, 2020 that "We have consulted with the Superintended and found that the administrative appeal period has expired and that [Mr. Fox's IIM] will be restricted and a distribution plan prepared." See Doc. No. 7-7. The letter advised that the process was expected to be finalized in the next two weeks. See id.

On March 6, 2020, Mr. Fox's lawyer contacted the Fort Berthold Agency of the BIA and notified it of the Fort Berthold District Court's Order to Dismiss. See Doc. No. 16-1 at 3. This was apparently the first time the BIA learned of the existence of this order. See id. Mr. Fox's lawyer also advised the BIA that Mr. Fox was taking actions to vacate the Turtle Mountain judgment for $707,359.15. See id.

On March 31, 2020, an "administrative restriction" was placed on Mr. Fox's account. See Doc. No. 16, ¶ 4. Plaintiff argues that this restriction was placed on Mr. Fox's account on an earlier date. See Doc. No. 24, p. 2.

On August 10, 2020, Plaintiff's complaint was filed in the instant matter.

On August 14, 2020, Mr. Fox's lawyer informed the Fort Berthold Agency that Mr. Fox had moved to dismiss the Turtle Mountain Judgment and moved for relief by default after Plaintiff failed to respond to Mr. Fox's motion, but a hearing date had not yet been set by the Turtle Mountain Tribal Court. See Doc. No. 16-1, p. 3.

On September 16, 2020, Ms. Danks held a phone hearing with Mr. Fox pursuant to his request to challenge the restriction on the IIM account. See Doc. No. 16, ¶ 4. On September 30,

2020, Ms. Danks issued a letter to Mr. Fox through his counsel containing a decision to lift the restriction on his IIM account and declining to prepare a distribution plan. See Doc. No. 16-1. Her decision was based on the existence of the competing court orders from Fort Berthold District Court and Turtle Mountain Tribal Court. See Doc. No. 16-1, p. 4. ("It is my decision that the BIA's belated discovery of the existence of the Fort Berthold District Court Order to Dismiss regarding similar claims by Ms. Delorme-Gaines against Mr. Fox, based on the same Financial Services Agreement, raises enough uncertainty and doubt that the restriction on Mr. Fox's IIM account must be lifted…")

On October 21, 2020, Ms. Danks issued a similar letter to Plaintiff containing a decision denying her request to encumber Mr. Fox's IIM account, again citing the competing court orders from the Fort Berthold District Court and the Turtle Mountain Tribal Court. See Doc. No. 16, ¶ 6; see also Doc. No. 16-2. The letter (hereafter, "the Delorme-Gaines Decision") includes an explanation of Plaintiff's right to appeal under 25 C.F.R. § 2.7(c) to the Great Plains Regional Director, p. 4. See id. As of the date of Ms. Danks's declaration, i.e., October 27, 2020, Plaintiff had not yet pursued her right of appeal. See Doc. No. 16, ¶ 6.

## II. GOVERNING LAW

The United States presents two alternative bases for relief. First, it moves for dismissal pursuant to Rule 12(b)(1), asserting this court lacks subject-matter jurisdiction because Plaintiff's petition for a writ of mandamus is moot. Second, it moves for dismissal pursuant to Rule 12(b)(6), asserting that Plaintiff fails to state a claim upon which relief can be granted.

### A.     Fed. R. Civ. P. 12(b)(1)

Parties may assert a lack of jurisdiction by motion under Fed. R. Civ. P. 12(b)(1). A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual

attack' on jurisdiction. Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018), quoting Osborn v. United States, 918 F.2d 724, 729, n. 6 (8th Cir.1990). The distinction between the two is described as follows:

> In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards.

Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (internal quotations and citations omitted).

Furthermore, if a court considers matters outside the pleadings when adjudicating a Rule 12(b)(1) motion, such consideration does not convert the 12(b)(1) motion to one for summary judgment. Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003).

The party seeking to invoke federal subject-matter jurisdiction carries the burden of showing its existence; this burden may not be shifted to another party. Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013), citing Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010).

Here, Defendants specifically claim a lack of subject matter jurisdiction due to mootness. A motion to dismiss on mootness grounds falls under the "large umbrella" of Rule 12(b)(1). Sokoloski v. Wells Fargo Bank, N.A., No. 3:18-CV-30111-DHH, 2018 WL 6704868, at *3 (D. Mass. Oct. 26, 2018), citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001).

A federal court lacks subject-matter jurisdiction if a claim becomes moot. Dalton v. JJSC Properties, LLC, 967 F.3d 909, 913 (8th Cir. 2020), citing Brazil v. Ark. Dep't of Human Servs., 892 F.3d 957, 959 (8th Cir. 2018). "A case becomes moot—and therefore no longer a 'Case' or

'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Davis v. Morris-Walker, LTD, 922 F.3d 868, 870 (8th Cir. 2019), citing Already, LLC v. Nike, Inc., 568 U.S. 85, 91, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (internal quotation marks omitted). If an issue becomes moot in the Article III sense, a Court has no discretion and must dismiss the case for lack of jurisdiction. Ali v. Cangemi, 419 F.3d 722, 724 (8th Cir. 2005) (en banc).

> A case becomes moot, however, only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.

Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160–61 (2016), as revised (Feb. 9, 2016) (internal citations and quotations omitted).

Lastly, a court dismissing a case on subject matter jurisdiction grounds should do so without prejudice. "A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent." Dalton v. NPC Int'l, Inc., 932 F.3d 693, 696 (8th Cir. 2019), citing County of Mille Lacs v. Benjamin, 361 F.3d 460, 464–65 (8th Cir. 2004).

**B.     12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Fed. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id.  A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must

6

accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681.

### III. ANALYSIS

The United States makes several arguments in support of its motion to dismiss. First, it claims that Plaintiff's petition is moot because the Bureau of Indian Affairs has adjudicated her request via the Delorme-Gaines Decision. Next, it notes that even though Plaintiff did not receive her requested relief from the decision (which declined to encumber Fox's IIM account), her claim is still moot because the relief she seeks from this Court is unavailable in any event under the statutes she invokes. The United States also notes that Plaintiff failed to receive a final decision from the Bureau of Indian Affairs and failed to exhaust her administrative remedies, precluding judicial review. Lastly, the United States argues that Plaintiff fails to state a claim upon which relief can be granted. The Court will address these claims sequentially below.

#### A. Whether Plaintiff's Claim is Moot

The United States first contends that Plaintiff's petition for a writ of mandamus is moot and should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

As a preliminary matter, the Court must decide whether to treat this motion as a facial attack or a factual attack. Davis, 886 F.3d at 679. Because the United States's argument rests in part on matters outside the pleadings, i.e., an affidavit explaining BIA actions which occurred after the filing of the complaint, the Court will treat this as a factual attack and consider these materials.

The United States argues that this action is moot because the Bureau of Indian Affairs has now adjudicated Plaintiff's request to encumber Fox's IIM account, eliminating the need for this Court's action and removing this Court's basis for subject-matter jurisdiction.

In support, the United States cites the district court case of Hanic v. Bureau of Indian Affairs, where a court specifically addressed mootness in the context of a mandamus action. See Hanic v. Bureau of Indian Affairs, No. CV 14-216-M-DLC-JCL, 2015 WL 1879917, at *6 (D. Mont. Apr. 23, 2015). There, a plaintiff sought a writ of mandamus compelling the Bureau of Indian Affairs to commence probate proceedings regarding his mother's estate. Hanic, 2015 WL 1879917 at 2. During the course of the litigation, however, the Bureau of Indian Affairs initiated the probate proceedings. Id. at 6. As such, the Court found the claim for mandamus relief moot. See id. Finding that there was no longer a live case or controversy, the Court stated, "Where a federal agency has since complied with the very duty imposed under federal law that the plaintiff seeks to enforce in the mandamus action, then the claim for mandamus relief under 28 U.S.C. § 1361 is moot." Id. (citing Heily v. United States Department of Defense, 896 F.Supp.2d 25, 35–36, (D.D.C.2012) and Mohammed v. Holder, 695 F.Supp.2d 284, 289–90 (E.D.Va.2010)). The Court therefore dismissed the Plaintiff's claim for lack of subject-matter jurisdiction. The United States contends that Plaintiff's claim here is likewise moot.

Plaintiff's response, barely exceeding three pages, contains two main arguments. See generally Doc. No. 24. The problem with these arguments is that they fail to respond to her opponent's attacks on subject matter jurisdiction. Plaintiff does not mention subject matter jurisdiction, nor does she discuss the concept of mootness, let alone make any response to the arguments of the United States on these topics. Instead, Plaintiff makes various attacks on the administrative process before the BIA.

Most of Plaintiff's claims center around 25 C.F.R. § 115.607, a section entitled "How do you request a hearing to challenge the BIA's decision to restrict your IIM account?" This section reads as follows:

8

> You or your guardian, as applicable, must request a hearing to challenge the BIA's decision to restrict your IIM account from the BIA office that made the decision and notified you of the restriction. Your request must:
>
> (a) Be in writing;
>
> (b) Specifically request a hearing to challenge the restriction; and
>
> (c) Be hand delivered to the BIA office or postmarked within:
>
>> (i) 40 days of the date that BIA's notice was sent United States certified mail or personally delivered to the address of record, or
>>
>> (ii) 30 days of the date of the final publication of the public notice.

25 C.F.R. § 115.607

Invoking this section, Plaintiff complains that the BIA did not show that Mr. Fox and/or his attorney properly followed the regulatory procedures contained therein when contacting the BIA on March 6, 2020 and August 14, 2020. She likewise accuses the BIA of failing to "give any argument that 25 C.F.R. § 115.607 was properly and legally followed." See Doc. No. 24 at p. 3.

What Plaintiff fails to explain is why these alleged failures matter in the context of a motion to dismiss for lack of subject-matter jurisdiction on mootness grounds. Even if she *were* correct that the BIA failed to show that it followed 25 C.F.R. § 115.607 with regards to Mr. Fox and his administrative proceedings – and even if she *were* to prove, as she did not here, that the BIA had some affirmative duty to make such a showing in the context of a 12(b)(1) motion to dismiss – Plaintiff's victory on this issue would be legally irrelevant to the question of whether this court has subject-matter jurisdiction over this case.

Plaintiff's only other argument is brief. She points out Mr. LaPointe's letter claimed the restriction on Mr. Fox's IIM was final and that a distribution plan was to be prepared, and notes

that the BIA refuses to prepare that plan in violation of what she describes as its duty to do so. She concludes "And, Plaintiff has no adequate alternative remedy other than federal court intervention."

Mr. LaPointe's promise that a distribution plan was imminent and the BIA's subsequent refusal to prepare one must have been frustrating, particularly when coupled with the delays Plaintiff experienced in her dealings with the BIA. But setting aside the merits of the BIA's Delorme-Gaines Decision (i.e., the fact that it appears motivated by the Fort Berthold District Court ruling, of which it was apparently unaware when Mr. LaPointe promised to prepare a distribution plan), the Court is unable to interpret Plaintiff's arguments here as a substantive response to the United States' claims of mootness. Rather, they appear to be a conclusory reiteration of the claims in her complaint combined with accusations that the BIA failed to follow the relevant regulations in its treatment of Mr. Fox. Overall, Plaintiff's response does nothing to defend against the United States's claims that the Court lacks subject matter jurisdiction over this case.

Ultimately, the undersigned is persuaded by the arguments of the United States that the issuance of the Delorme-Gaines decision has deprived the Court of subject-matter jurisdiction over this case. In her Complaint, Plaintiff seeks "injunctive relief under the Administrative Procedures Act" as well as a writ of mandamus compelling the BIA to suspend Mr. Fox's IIM account and issue a disbursement plan. See Doc. No. 7, p. 6. She explains that there have been no administrative proceedings regarding her request, writing, "until the federal agency 'conclude(s) a matter presented to it' within a reasonable period of time, there's nothing to appeal and no action ripe for administrative hearing." See id. But now, the matter *has* been administratively decided via the Delorme-Gaines Decision and *is* subject to appeal within the BIA. As such, the

Court is inclined to agree with the United States that this case no longer presents a live controversy.

On a closely related note, the Court's subject matter jurisdiction is also impacted by the availability of administrative remedies for the same relief Plaintiff seeks in the instant suit. As the United States points out, the Delorme-Gaines decision declining to suspend Mr. Fox's account is subject to appeal to the Great Plains Regional Director of the BIA. As such, the United States contends, it is not a "final" decision for purposes of judicial review, nor has Plaintiff exhausted her administrative remedies. It argues that her failure to do so deprives the Court of subject-matter jurisdiction.

In her response, Plaintiff does not address these arguments.

The importance of the doctrine of exhaustion of administrative remedies has been addressed frequently in this District. As the Court in <u>Fort Berthold Land & Livestock Ass'n. v. Anderson</u> explained when addressing the subject in the context of BIA appeals:

> The exhaustion requirement serves four primary purposes. First, it carries out the congressional purpose in granting authority to the agency by discouraging the "frequent and deliberate flouting of administrative processes [that] could ... encourag[e] people to ignore its procedures." Second, it protects agency autonomy by allowing the agency the opportunity in the first instance to apply its expertise, exercise whatever discretion it may have been granted, and correct its own errors. Third, it aids judicial review by allowing the parties and the agency to develop the facts of the case in the administrative proceeding. Fourth, it promotes judicial economy by avoiding needless repetition of administrative and judicial factfinding, and by perhaps avoiding the necessity of any judicial involvement at all, if the parties successfully vindicate their claims before the agency.

<u>Fort Berthold Land & Livestock Ass'n. v. Anderson</u>, 361 F. Supp. 2d 1045, 1050–51 (D.N.D. 2005), citing <u>Peters v. Union Pacific R. Co.</u>, 80 F.3d 257, 263 (8th Cir. 1996).

The requirement to exhaust administrative remedies is not absolute, but "should be relaxed only under extremely exceptional and unusual circumstances." Prima Expl., Inc v. LaCounte, No. 1:18-CV-116, 2018 WL 4702153, at *4 (D.N.D. Oct. 1, 2018), citing Fort Berthold, 361 F. Supp. 2d at 1051. Generally, when "an administrative remedy is available, that recourse must be pursued, and until that recourse is exhausted, suit is premature and must be dismissed." Prima, 2018 WL 4702153, at *4.

The Court finds that all these considerations apply to the instant case. As argued by the United States, Plaintiff's substantive attacks on the Delorme-Gaines Decision and the process leading up to it, expressed in her response to the Motion to Dismiss, are best made in the course of an administrative appeal of that decision whereby she can pursue the exact relief she seeks from this Court, i.e., encumbrance of Mr. Fox's IIM account and preparation of a disbursement plan. The Court further notes that Plaintiff appears to have had administrative remedies available to her even before the Delorme-Gaines Decision was issued. As explained by the Court in Prima:

> Rather than bringing suit in this Court, Prima should have availed itself to administrative safeguards. For example, 25 C.F.R. § 2.8 provides a mechanism for challenging BIA inaction. Under that procedure, a party whose interests are adversely affected "by the failure of an official to act on a request to the official, can make the official's inaction the subject of appeal." If no action is taken after the inaction appeals process, the agency's inaction becomes final for purposes of judicial review.

Prima, 2018 WL 4702153, at *4.

Nothing here constitutes an unusual circumstance excusing Plaintiff's failure to exhaust available administrative remedies in pursuit of the relief she now seeks from the Court. And such a failure removes a case from the Court's subject matter jurisdiction. See Danks v. Zinke, No. 1:17-CV-115, 2018 WL 11267142, at *4 (D.N.D. Apr. 12, 2018) (holding that failure to timely appeal a BIA order constituted a failure to exhaust administrative remedies depriving the court of

subject matter jurisdiction). The existence of unexhausted administrative remedies is another jurisdictional bar to the consideration of this claim.[2]

For all of the above reasons, the Court finds that it lacks subject matter jurisdiction over this case. Consequently, the Court will not address the further claims of the United States regarding the unavailability of Plaintiff's requested relief as a matter of law. See Doc. No. 15, p. 7-10. These arguments attack the legal sufficiency of Plaintiff's complaint and would be more properly considered under the United States's alternative basis for dismissal, i.e., its Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). Since the Court lacks subject matter jurisdiction, it does not reach the Rule 12(b)(6) motion.

## IV.    CONCLUSION

For all of the above reasons, the Court **GRANTS** the Motion to Dismiss (Doc. No. 14). This case is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2021.

/s/ Clare R. Hochhalter
Clare R. Hochhalter
United States Magistrate Judge

---

[2] As the United States also points out, at least while the BIA's decision is subject to appeal, it is not "final" and as such judicial review under the Administrative Procedures Act is precluded under 25 C.F.R. § 2.6(a), providing yet another obstacle to this Court's review of the case.